# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMONI MASUD JOHNSON, | |
| Plaintiff | CIVIL ACTION NO. 4:18-CV-00807 |
| v. | (BRANN, J.) (MEHALCHICK, M.J.) |
| WALTER KOEHLER, et al., | |
| Defendants | |

## **MEMORANDUM**

Presently before the Court is a complaint seeking damages (Doc. 1), filed by *pro se* prisoner-Plaintiff Armoni Masud Johnson (hereinafter referred to as "Johnson") on April 13, 2018. At the time of the filing of his complaint, Johnson was incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"), located in Northumberland County, Pennsylvania. (Doc. 1). In his complaint, Johnson seeks damages against the following Defendants: Walter Koehler, a State Trooper with the Pennsylvania State Police at Troop P Wyoming ("Officer Koehler"); Christopher O'Brien, a State Trooper with the Pennsylvania State Police at Troop P Wyoming ("Officer O'Brien"); and the Desk and Property Officers at Troop P Wyoming. (Doc. 1). The Court has conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that the complaint fails to state a claim, and Johnson will be granted leave to file an amended complaint.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Johnson, proceeding *pro se*, initiated the instant action by the filing of a complaint in this matter on April 13, 2018.[1] (Doc. 1). Although difficult to discern, it appears that Johnson brings his complaint against the named Defendants pursuant to 42 U.S.C. § 1983. (Doc. 1, at 1). From what can be gleaned from the instant pleading, Johnson asserts that the Defendants failed to comply with a Court Order issued on April 28, 2016 by the Luzerne County Court of Common Pleas ("State Court").[2] (Doc. 1, at 2-3). The State Court Order allegedly directed certain unidentified individuals to return Johnson's personal property, presumably seized in relation to his State Court criminal proceedings, to him. (Doc. 1, at 3). However, despite the State Court Order and Johnson's best efforts to retrieve his property, Johnson claims that the Property Officers at Troop P Wyoming have given him the "run around" for the past two years. (Doc. 1, at 3).

---

[1] Johnson also filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which the Court granted in a separate order on March 6, 2019. (Doc. 28).

[2] Although the sparse allegations in the original complaint provide some background information regarding his past State Court proceedings and litigation efforts, many details appear to be omitted. Thus, in addition to the facts pled in Johnson's complaint, the Court considers the related judicial opinions, orders, and docket sheets of other state and federal proceedings involving Johnson. *See e.g., Commonwealth v. Johnson*, Docket No. CP-40-CR-0002553-2012 (Luzerne Cnty. C.C.P.); *Commonwealth v. Johnson*, Docket No. CP-40-CR-0000117-2012 (Luzerne Cnty. C.C.P.); *Johnson v. Koehler, et al.*, No. 3:14-CV-01490 (M.D. Pa. July 31, 2014); *Johnson v. Pierantoni et al*, No. 3:15-CV-01196 (M.D. Pa. June 18, 2015); *Johnson v. Kelly, et al.*, No. 3:15-CV-01195 (M.D. Pa. June 19, 2015); *Johnson v. Luzerne County Courthouse, et al.*, No. 3:15-CV-01203 (M.D. Pa. June 19, 2015); *Johnson v. Roskosci*, No. 3:15-CV-01232 (M.D. Pa. file June 23, 2015); *Johnson v. Bienkoski et al.*, No. 3:18-CV-00592 (M.D. Pa. Mar. 14, 2018); *Johnson v. McGinley, et al.*, No. 4:18-CV-01714 (M.D. Pa. Aug. 29, 2018); *Johnson v. McGinley*, No. 1:18-CV-02359 (M.D. Pa. Dec. 12, 2018). These are all matters of public record of which the Court may properly take judicial notice in ruling on a motion to dismiss. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A review of the corresponding State Court docket reveals that the Commonwealth of Pennsylvania charged Johnson with various criminal offenses on May 31, 2012. *Commonwealth v. Johnson*, Docket No. CP-40-CR-0002553-2012 (Luzerne Cnty. C.C.P.). However, the criminal charges filed against him were *nolle prossed* on March 14, 2016. *Commonwealth v. Johnson*, Docket No. CP-40-CR-0002553-2012 (Luzerne Cnty. C.C.P.). On April 29, 2016, Johnson filed a "motion for return of property" in State Court. *Commonwealth v. Johnson*, Docket No. CP-40-CR-0002553-2012 (Luzerne Cnty. C.C.P.). Based on the allegations in the complaint, it appears that Johnson desires the following items of personal property be returned to him: cash in the amount of $452.00; two (2) cellular phones; and trial cultural beads. (Doc. 1, at 3). Johnson further seeks damages against the Defendants for "pain and suffering, intentional infliction of emotional distress, [and] deprivation of property…" (Doc. 1, at 3).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. §§ 1915(e) to screen the complaint and dismiss it if it fails to state a claim upon which relief can be granted.

II. **DISCUSSION**

   A. STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with

respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Johnson is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not

alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In deciding a Rule 12(b)(6) motion, the court may also consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.[3]

At the outset, the complaint fails to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short

---

[3] Subsequent to the filing of the original complaint, Johnson submitted numerous documents, including: a document entitled "preservation of civil rights," filed on May 22, 2018 (Doc. 8); a document entitled "petitions and exhibits submitted in an orderly fashion," filed on July 6, 2018 (Doc. 9); a document entitled "declaration," submitted on September 28, 2018 (Doc. 14); a document entitled "supplement to the complaint," filed on November 20, 2018 (Doc. 18); a document Johnson refers to as a "supplemental petition[] for civil action[s]," filed on December 7, 2018 (Doc. 20); and two documents, liberally construed as supplemental exhibits, filed on January 7, 2017 (Doc. 22; Doc. 23). Notably, it appears that several of these filings, which are largely rambling and incomprehensible, overlap with other

*(footnote continued on next page)*

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Johnson fails to simply, concisely, and directly allege what his claims are, and does not provide fair notice of the grounds on which his intended claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). This runs afoul of Rule 8(a)(2)'s basic tenant that the "'plain statement' [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *See Twombly*, 550 U.S. at 545; *see also Cooper v. Link*, No. 18-CV-4481, 2018 WL 6528170, at \*5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights."). Thus, in its current form, the complaint would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them. *See Twombly*, 550 U.S. at 555. Moreover, insofar as Johnson invokes 42 U.S.C. § 1983 as the basis of his complaint, there are no allegations that suggest a

---

actions involving Johnson. *See Johnson v. Koehler, et al.*, No. 3:14-CV-01490 (M.D. Pa. July 31, 2014); *Johnson v. Bienkoski et al.*, No. 3:18-CV-00592 (M.D. Pa. Mar. 14, 2018); *Johnson v. McGinley, et al.*, No. 4:18-CV-01714 (M.D. Pa. Aug. 29, 2018); *Johnson v. McGinley*, No. 1:18-CV-02359 (M.D. Pa. Dec. 12, 2018). Further, when liberally construed, they appear to address matters that are novel, unrelated, and do not involve an issue of fact or law that is common to the named Defendants in this case. Nonetheless, "[n]either Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [Johnson] to submit numerous addenda to his Complaint in this piecemeal fashion." *See Lewis v. Sessions*, No. CV 17-5475(FLW), 2017 WL 7313822, at \*2 (D.N.J. Nov. 3, 2017); *see also Walthour v. Child & Youth Servs.*, No. CIV.A 09-03660, 2009 WL 5184465, at \*1–2 (E.D. Pa. Dec. 21, 2009) ("Plaintiffs' pleadings, amendments, and supplemental filings are disjointed and incomplete…Defendants cannot be on notice of the claims against them if they are not named in the caption, nor can they adequately respond to claims scattered throughout various pleadings and supplemental filings."). Accordingly, for the purposes of this Report and Recommendation, the Court proceeds on the original complaint. (Doc. 1).
*(footnote continued on next page)*

viable civil rights claim against the Defendants.[4] As such, Johnson's complaint is subject to dismissal in its entirely for failure to state a claim upon which relief may be granted.[5]

For these reasons, the Court finds that Johnson's complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

    C. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). As the complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, so as to preserve Johnson's rights as a *pro se* litigant, the Court will allow him to file a single, unified, legible amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants.

---

[4] Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). Thus, to state a claim under § 1983, Johnson must demonstrate: (1) that the defendants committed the alleged misconduct while acting under color of state law; and (2) that conduct complained of deprived the plaintiff of a right secured by the United States Constitution. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] The Court notes that complaint may also be subject to dismissal under the theory of *res judicata*. However, as the precise nature of Johnson's claims are not entirely clear, the Court declines to consider the applicability of this doctrine, or other bases or dismissal, at this time.

Johnson is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in identifiable constitutional violations, to the extent Johnson intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Johnson is cautioned that he must comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE and establish at least modicum of factual specificity regarding the claims he intends to assert, and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred, albeit vaguely, in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

III.    **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff Armoni Masud Johnson's complaint (Doc. 1) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court will order Johnson to file an amended complaint within **30 days**.

An appropriate Order follows.

**Dated: March 15, 2019**                                    *s/ Karoline Mehalchick*
                                                                                             **KAROLINE MEHALCHICK**
                                                                                             **United States Magistrate Judge**